UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES W.,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | CASE NO. C20-1673-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1978.[1] Plaintiff has at least a high school education and previously worked as a lubrication servicer, auto service manager, delivery route truck driver, and stock clerk. (AR 22, 244.) Plaintiff filed an application for DIB on November 19, 2018, and an

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

application for SSI on November 29, 2018, alleging disability beginning January 1, 2018. (AR 189–96.) The applications were denied at the initial level and on reconsideration. On November 14, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). (AR 31–60.) On January 23, 2020, the ALJ issued a decision finding Plaintiff not disabled. (AR 12–24.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on September 11, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 17.)

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: degenerative disc disease; radiculopathy; and spondylosis. (AR 17.)

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 41.967(b), with the following limitations:

> that does not require more than occasional crawling, or climbing of ladders, ropes, or scaffolds; that does not require more than frequent stopping, kneeling, crouching, or climbing of ramps or stairs; that does not require more than occasional right reaching; and that does not require concentrated exposure to hazards.

(AR 18.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work. (AR 22.)

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as bakery helper, counter clerk, and agricultural sorter. (AR 23.)

Plaintiff argues that the ALJ erred by improperly accepting step five testimony unsupported by substantial evidence. Plaintiff requests remand for an award of benefits. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

ORDER
PAGE - 3

**1. VE Testimony**

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite [his] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *see* 20 C.F.R. § 416.960(c)(2). "Whether there are a significant number of jobs a claimant is able to perform with his limitations is a question of fact to be determined by a judicial officer." *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir. 1986).

The VE testified that Plaintiff would be able to perform at least three jobs: bakery helper, counter clerk, and agricultural sorter. (AR 23, 56.) The VE testified that 59,000 bakery helper jobs, 25,000 counter clerk jobs, and 10,600 agricultural sorter jobs existed in the national economy. (AR 56.) On examination by Plaintiff's attorney, the VE testified that he calculated these numbers using the SkillTRAN Brower, Job Brower Pro software. (AR 58.) Based on the VE's testimony, the ALJ found that these occupations "exist[] in significant numbers independently." (AR 23.)

Following the issuance of the ALJ's decision, Plaintiff submitted to the Appeals Council evidence that, Plaintiff argued, contained data from Job Browser Pro regarding the three jobs identified at step five and cast doubt on the VE's job numbers calculations. (AR 287–94; Plf. Br. Exhibit 1–3). Plaintiff contends that the new evidence shows that the VE claimed more jobs in each of the three identified occupations than could exist based on the proffered Job Browser Pro data. Specifically, Plaintiff asserts that the new evidence shows 45 jobs existing for bakery worker, 1,527 jobs existing for counter clerk, and 1,533 positions existing for agricultural sorter, which numbers, Plaintiff argues, are substantially lower than the numbers provided in the VE's hearing testimony and do not qualify as significant in the national economy. Pl Br. at 3–6.

ORDER
PAGE - 4

Plaintiff argues that the Appeals Council failed to address this rebuttal evidence, explain why this evidence should not be credited, or explain how the VE's testimony could be credible in light of this evidence. The Appeals Council considered Plaintiff's arguments and exhibited them on its order but found that the reasons provided did not provide a basis for changing the ALJ's decision. (AR 1–6.) "When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Nevertheless, the Appeals Council may reject evidence obtained after an adverse administrative finding, and, "in rejecting this [new] evidence, the Appeals Council is not required to make any particular evidentiary finding."[2] *Gomez v. Chater*, 74 F.3d 967, 672 (9th Cir. 1996), *superseded by regulation on other grounds*. Here, the Appeals Council gave adequate reasons for denying review of the ALJ's ruling. Plaintiff has not shown reversible error.

Further, the new evidence submitted by Plaintiff does not deprive the ALJ's decision of substantial evidence. Plaintiff's evidence contained raw data purportedly obtained from Job Browser Pro; however, Plaintiff did not provide an accompanying opinion from a vocational expert or otherwise offer any expert interpretation of this data. Additionally, although the VE testified that he calculated his job number estimates using SkillTRAN and Job Browser Pro, Plaintiff has not shown that the new evidence contains the same data relied upon by the VE or that the VE's testimony is otherwise unreliable based on this new evidence. *See Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017) ("[I]n the absence of any contrary evidence, a VE's testimony is one

---

[2] The Court does not have jurisdiction to review the Appeal Council's non-final agency action. *Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).

ORDER
PAGE - 5

type of information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability."); *see also Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020) ("Given its inherent reliability, a qualified vocational expert's testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support an ALJ's step-five finding.") Therefore, Plaintiff's new evidence does not undermine the VE's testimony nor does it deprive the ALJ's step five findings of substantial evidence.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 2nd day of September, 2021.

MARY ALICE THEILER
United States Magistrate Judge